IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELBERT WILLIAMS, | No. CIV S-11-2030-KJM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SABINA F. CROCETTE, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On September 2, 2011, the court directed plaintiff to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Plaintiff was warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. Plaintiff failed to do so within the time provided, instead returning a blank application. On October 31, 2011, the court issued an order to show cause why this action should not be dismissed for failure to resolve fees. To date, plaintiff has not responded to the order to show cause.

/ / /

1

1   The court must weigh five factors before imposing the harsh sanction of
2   dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's
4   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6   their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran,
7   46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an
8   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9   See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is
10  appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421,
11  1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to
12  comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
13  1260-61 (9th Cir. 1992).
14          Having considered these factors, and in light of plaintiff's failure to resolve the
15  fee status for this case as directed and respond to the court's order to show cause, the court finds
16  that dismissal of this action is appropriate.
17          Based on the foregoing, the undersigned recommends that this action be
18  dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and
19  orders.
20          These findings and recommendations are submitted to the United States District
21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days
22  after being served with these findings and recommendations, any party may file written
23  / / /
24  / / /
25  / / /
26  / / /

objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 23, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE